UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACI DELANEY,

        Plaintiff,        CASE NUMBER: 08-13060
                                    HONORABLE VICTORIA A. ROBERTS

v.

UNITED PARCEL SERVICE, INC.,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN**

**I.    INTRODUCTION**

Plaintiff filed suit against Defendant for violating the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Jurisdiction is proper under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant moves to transfer venue to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). For the following reasons, Defendant's motion is **GRANTED**.

**II.    BACKGROUND**

The facts summarized are set forth in Plaintiff's Complaint. From June 1998 to September 17, 2007, Plaintiff worked as a Package Center Supervisor at Defendant's center in Petoskey, in the Western District of Michigan. By car, Petoskey is 268 miles away from this Court in Detroit, and 185 miles from Grand Rapids, where the Western District has its seat.

1

In July 2007, Plaintiff requested a leave of absence under the FMLA because she was suffering from depression, bi-polar mania, seizures, and was unable to cope with family stress and care for her son.  Defendant approved the leave until September 7, and Plaintiff notified Defendant that she would reside in Ohio during that period.  During her leave, Plaintiff kept her supervisor, Doug Hall, apprised of her condition, but her ailments worsened.  On September 17, she was admitted for psychiatric treatment at a hospital in Ashland, Kentucky, where she remained confined until September 21, with no ability to communicate with the outside world.

On September 18, Plaintiff's sister Tamyra Stone notified Mr. Hall of Plaintiff's hospitalization, but he told her that if Plaintiff did not call him by six o'clock that evening, she would be terminated.  When Ms. Stone called again on September 19, Mr. Hall informed her that Plaintiff should not bother returning to work.  The day after her release, Plaintiff's physician approved her to return to work, but it is unclear whether she ever did return, or if she had any contact thereafter with Mr. Hall or other employees of Defendant.

In October 2007, Plaintiff received a letter dated September 25, informing her that if she did not provide proper medical documentation by September 15, she would be terminated effective September 18.  The letter purported to be a follow-up to an earlier letter sent on September 10, which Plaintiff claims she did not receive.

Plaintiff filed her Complaint on July 15, 2008, claiming that Defendant interfered with her rights and violated its obligations under the FMLA.  On August 29, Defendant filed this motion to transfer venue.

**III.    ANALYSIS**

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case as long as "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Harhara v. Norville*, No. 07-cv-12650, 2007 U.S. Dist. LEXIS 59615, at *10-11 (E.D. Mich. Aug. 15, 2007) (unpublished) (*quoting Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994)).  In analyzing the second and third criteria, courts consider the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*IFL Group v. World Wide Flight Services*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004) (*citing Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)).  The moving party bears the burden to show, by a preponderance of the evidence, that transfer is appropriate.  *Id.* (*citing Amphion, Inc. v. Buckeye Electric Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003)).  However, "mere assertions or speculation, without evidence, are insufficient to meet this burden."  *Id.* at 714.

In general, a plaintiff's choice of forum deserves "foremost consideration," and should not be disturbed unless the balance of factors strongly favors the movant.  *West American Insurance Co. v. Potts*, No. 89-6091, 1990 U.S. App. LEXIS 12513, at *6 (6th Cir. July 25, 1990) (unpublished) (*citing Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951)).  But even though it enjoys substantial deference, "[a] plaintiff's chosen

forum . . . is not sacrosanct, and will not defeat a well-founded motion for change of venue.  This is especially true where a plaintiff has little or no connection to the chosen forum." *Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 749-50 (E.D. Mich. 2004) (internal citations omitted).  On appeal, a district court's ruling on a motion to transfer venue is reviewed for abuse of discretion. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)).

According to Defendant, every factor of the venue analysis confirms that the Western District is the more convenient and effective locale to handle this case.  In support, Defendant submits an affidavit from Susan Schmidlkofer, Human Resources manager in Defendant's Grand Rapids branch office.  Located in the Western District, the Grand Rapids office oversees the Petoskey center.  Ms. Schmidlkofer provides the following information in favor of transfer: (1) Plaintiff resided in Petoskey at the time of the events, and lives there still; (2) her direct supervisors, managers and colleagues all worked at the Petoskey center; (3) Plaintiff was never employed at any of Defendant's offices or facilities in the Eastern District; (4) all human resources decisions concerning the Petoskey center are made at the Grand Rapids office; (5) all the events alleged in Plaintiff's Complaint occurred in the Western District; and (6) most of Defendant's employees and potential witnesses live in Petoskey, and it would be a hardship to compel them to travel to Detroit for hearings or a trial.  (Affidavit of Susan Schmidlkofer, Def.'s Br. Ex. A at ¶¶ 2-7.)  Defendant also emphasizes that employees who interacted with Plaintiff, and are potential witnesses, reside in Petoskey, Grand Rapids, or in the surrounding areas.  In summary, Defendant argues that Plaintiff fails to establish any

connection with the Eastern District, and thus convenience and efficiency dictate transferring venue.

Plaintiff's response relies mainly on the principle that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *International Union of Electrical Radio & Machine Workers v. United Electrical, Radio & Machine Workers of America, et al.*, 192 F.2d 847, 851 (6th Cir. 1951) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Plaintiff concedes that she and other key witnesses, including Mr. Hall, reside in or around Petoskey. However, she argues that it is no less convenient to travel to Detroit or Grand Rapids from Petoskey, and that the additional 83 miles to Detroit weigh little against the deference owed her choice of forum. Plaintiff and Ms. Stone (who lives in Posen, which is equidistant from Grand Rapids and Detroit), submit affidavits stating that proceedings in Detroit would not inconvenience them. Plaintiff also notes that the physician who treated her during her hospitalization lives in Ashland, Kentucky, which is closer to Detroit. Finally, Plaintiff argues that Defendant has not cited one witness that would be called upon from its Grand Rapids office.

As venue transfers go, this case is arguably closer than most, but there are more factors favoring transfer than against it. First, the extra mileage from Petoskey to Detroit translates to an additional two hours round-trip, which would significantly inconvenience witnesses during trial. The Court notes that neither party rules out calling other witnesses from Petoskey in addition to Mr. Hall. Regarding other identified witnesses, Grand Rapids is equally as convenient for Ms. Stone, and, as Plaintiff concedes, her physician's testimony would likely be in deposition form. Overall, a

transfer would benefit the convenience of witnesses.

The locus of operative facts and the accessibility of relevant documents also support a transfer. Plaintiff does not dispute that all the events giving rise to her claim occurred in the Western District. Neither does she challenge Defendant's claim that her employment file and documents relating to her termination are at Defendant's branch office in Grand Rapids, about 11 miles from the federal courthouse. The Grand Rapids office oversees operations at the Petoskey center, and Defendant's human resources department is located there as well. Without question, relocating to the Western District would ease access to these sources of proof.

Finally, the Western District is marginally more convenient for the parties themselves. If proceedings are held in Grand Rapids, Defendants will be on location, and Plaintiff will not have to travel as far. If they are held in Detroit, Plaintiff's commute will be longer, and everyone but her attorneys will have to travel. The other factors – availability of process to compel attendance, parties' relative means, forum's familiarity with governing law, and interests of justice – do not tilt the balance either way.

The only factor weighing against a transfer is the deference accorded Plaintiff's choice of forum. Plaintiff understands this, since it is the core of her argument. However, although it is true that a plaintiff's choice is entitled to substantial deference, that presumption applies with less force when the plaintiff does not reside in the chosen forum. The Supreme Court addressed this issue in *Piper Aircraft Co. v. Reyno*, while discussing the doctrine of *forum non conveniens.* 454 U.S. at 255-56. The Court explained that although it is reasonable to assume that a plaintiff's choice of his or her home forum is most convenient, "[w]hen the plaintiff is foreign, however, *this*

*assumption is much less reasonable.*" *Id.* at 256 (emphasis added). The Court held that "a foreign plaintiff's choice [of forum] deserves less deference" than that of a resident plaintiff. *Id.* In doing so, the Court also noted that "the deference accorded a plaintiff's choice of forum has never been intended to guarantee that the plaintiff will be able to select the law that will govern the case." *Id.* at 256 n.24.

Plaintiff resides in the Western District, and did so at all relevant times. She has not presented any connection with the Eastern District, much less for the specific purpose of this case. Therefore, her choice of forum, though still worthy of some consideration, does not command the same level of deference as would the choice of a resident plaintiff.

Weighed collectively, the balance of factors tilts in favor of a transfer. Plaintiff fails to provide any rationale for filing her case in the Eastern District, besides invoking the traditional privilege due a plaintiff's choice of forum. The limited deference to which her choice is entitled cannot outweigh the other factors, particularly the convenience of witnesses, the accessibility of sources of proof, and the locus of operative facts. Therefore, though mindful of the "great weight" to be accorded Plaintiff's choice of forum, *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999), the Court holds it appropriate to transfer this case to the Western District.

### IV. CONCLUSION

Defendant's motion to Transfer Venue is **GRANTED**; the Court **ORDERS** this action transferred to the U.S. District Court for the Western District of Michigan.

**IT IS ORDERED.**

                                                  s/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: February 17, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 17, 2009.

s/Linda Vertriest
Deputy Clerk

---